UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARIA CONTRERAS-SWEET,<br><br>　　　　　Defendant. | Case No. 16-cv-02410-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

　　　　The motion to dismiss the complaint is granted.

　　　　The Small Business Act requires the President to establish a "Government-wide goal for participation by small business concerns" at "not less than 23 percent of the total value of all prime contracts for each fiscal year." 15 U.S.C. § 644(g)(1)(A)(i). That statute also requires individual agencies to establish their own goals for small business participation in government contracting. *Id.* § 644(g)(2)(A). And the statute requires the Small Business Administration to submit a report to the President and Congress each year, explaining whether these goals have been met and discussing the reasons for any failure to do so. *Id.* § 644(h)(2)(B)-(D). If an individual agency has failed to meet its small business contracting goal, the report by the Small Business Administration must include a description of that agency's plan for addressing the failure, as well as commentary by the Small Business Administration about the agency's plan. *Id.* § 644(h)(2)(D). The parties refer to this report mandated by the statute as the "goaling report."

　　　　The American Small Business League alleges that the Small Business Administration's 2015 goaling report fails to comply with the statute for two reasons. First, the League alleges

that the report improperly excluded some types of contracts when calculating the total value of prime contracts, where the statute requires "*all* prime contracts" to be considered when determining whether the 23 percent goal has been met.  *Id.* § 644(g)(1)(A)(i) (emphasis added).  Second, the League alleges that the report improperly classified certain Fortune 500 companies as "small businesses" for purposes of calculating the small business participation rate.  The League seeks a court ruling requiring the Small Business Administration to amend its 2015 report, and to refrain from committing these alleged violations in the future.

However, the Administrative Procedure Act does not allow federal courts to review everything an agency does.  It only permits judicial review of "final agency action."  5 U.S.C. § 704; *see Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 882 (1990).  An agency action is not considered "final," and is therefore not reviewable by a court, unless it is "one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'"  *Bennett v. Spear*, 520 U.S. 154, 178 (1997).  The goaling report doesn't meet this test.  It neither alters the legal regime to which individual agencies or small businesses are subject, nor results in direct and appreciable legal consequences.  The report does not carry penalties for an agency's failure to meet the small business participation goal.  It does not bind agencies to comply with any proposed remediation plan.  Any appreciable consequence of the report – such as an agency's decision to start awarding more contracts to small businesses – would be indirect, because the agencies make the ultimate decision whether and how to award contracts.  *See Franklin v. Massachusetts*, 505 U.S. 788, 796-99 (1992) (concluding that a census report authored by the Secretary of Commerce and submitted to the President is not a final agency action because "the Secretary's report to the President has no direct effect on reapportionment until the President takes affirmative steps to calculate and transmit the apportionment to Congress"); *Renee v. Duncan*, 686 F.3d 1002, 1016-17 (9th Cir. 2012) (concluding that the Secretary of Education's annual report to Congress, in which interns were allegedly improperly classified as "highly qualified" teachers, was not final agency action); *see also Guerrero v. Clinton*, 157 F.3d 1190, 1195 (9th Cir. 1998) ("Although a more detailed report or a report that highlights impact more

emphatically might have a better chance of getting some member of Congress's attention, it carries no greater cloud than that.").

The upshot is that Congress enacted a statute requiring the Small Business Administration to provide information about the participation of small businesses in federal contracting.  If the Small Business Administration is giving Congress bad information, then Congress can do something about it, either in an oversight or legislative capacity.  "Having requested the report, Congress, not the judiciary, is in the best position to decide whether it's gotten what it wants."  *Guerrero*, 157 F.3d at 1195.

The complaint is dismissed for lack of subject matter jurisdiction.[1]  Because leave to amend would be futile, dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated: October 18, 2016

VINCE CHHABRIA
United States District Judge

---

[1] Current Ninth Circuit precedent holds that the lack of final agency action is a defect in subject matter jurisdiction.  *Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs*, 543 F.3d 586, 589 (9th Cir. 2008).  Although at least one Ninth Circuit judge has questioned this, the outcome of this motion would be the same under Rule 12(b)(6).  *Pebble Ltd. P'ship v. EPA*, 604 F. App'x 623, 625-26 (9th Cir. 2015) (Watford, J., concurring) (questioning whether dismissal should be for lack of subject matter jurisdiction and suggesting that the court reexamine the issue).